UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| SSM HEALTH CARE CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14CV1552 CDP |
| | ) | |
| REPWEST INSURANCE CO., | ) | |
| f/k/a REPUBLIC WESTERN | ) | |
| INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

An employee at an Illinois hospital facility belonging to plaintiff SSM Health Care was injured on the job in January 2000. She filed a claim for workers' compensation. At the time, SSM had an excess workers' compensation insurance policy issued by defendant Repwest Insurance. Under the policy, Repwest had agreed to indemnify SSM for Illinois workers' compensation losses in excess of $300,000. After a long negotiation, SSM settled with the employee in 2013 for more than $300,000. SSM then demanded payment of the excess from Repwest, which refused.[1] SSM now brings claims against Repwest for breach of contract,

---

[1] According to their pleadings, the parties disagree whether that settlement resolved only the January 2000 claim or several later workers' compensation claims filed by the employee. If the settlement related to multiple claims, the amount owed to SSM by Repwest, if any, may be different than if the settlement terminated only the January 2000 claim.

– 1 –

vexatious refusal to pay, declaratory judgment, and breach of fiduciary duty. SSM seeks damages, interest, costs and attorney fees, and punitive damages.

Repwest has moved to dismiss SSM's claim for breach of fiduciary duty and to strike its request for punitive damages, arguing that (1) Missouri law does not recognize a fiduciary relationship between an excess insurer and its insured and (2) punitive damages are unavailable for the claims advanced by SSM.

Although an insurer-insured fiduciary relationship may not be assumed, it can develop if the insured justifiably "places trust" in the insurer with respect to its property or business affairs. Presuming SSM's allegations are true, as I must at this stage, I find that it has alleged enough facts to state a claim for breach of fiduciary duty. Therefore, I will deny Repwest's motion to dismiss. I will also deny its motion to strike except to the extent SSM seeks common-law punitive damages for vexatious refusal to pay, because such a claim does not support an award of punitive damages under Missouri law.

## I.     Motion to Dismiss Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corp. v. Twombly*, the Supreme Court clarified that Rule 8(a)(2) requires complaints to contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." 550 U.S. 544, 555 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Specifically, to survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Twombly*, 550 U.S. at 570.

## II.   Breach of Fiduciary Duty Claim

To state a claim for breach of fiduciary duty under Missouri[2] law, a plaintiff must allege that: (1) there was a fiduciary duty between the parties; (2) the defending party breached that duty; and (3) the breach caused harm to the plaintiff. *W. Blue Print Co., LLC v. Roberts*, 367 S.W.3d 7, 15 (Mo. banc 2012). Here, Repwest argues that there was no fiduciary relationship between it and SSM.

Although the existence of a fiduciary relationship is a question of law, *see id.*, it depends to some extent on determinations of fact. Under Missouri law, "[a] fiduciary relationship may arise as a matter of law by virtue of the parties'

---

[2]  Since neither party has provided a copy of the governing excess insurance policy, the Court presumes that Missouri law applies.

relationship, e.g., attorney-client, or it may arise as a result of the special circumstances of the parties' relationship . . . ." *Shervin v. Huntleigh Sec. Corp.*, 85 S.W.3d 737, 740 (Mo. Ct. App. 2002). Missouri law does not recognize, as a matter of law, a fiduciary relationship between insurer and insured. *See Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 411 (Mo. Ct. App. 2000). However, an insurer-insured fiduciary relationship can arise in certain circumstances, especially if the insurer is "entrusted to defend a claim on behalf of the insured." *Pool v. Farm Bureau Town & Country Ins. Co. of Mo.*, 311 S.W.3d 895, 907 (Mo. Ct. App. 2010); *see also Grewell v. State Farm Mut. Auto. Ins. Co.*, 162 S.W.3d 503, 508 (Mo. Ct. App. 2005).

Repwest argues that, as an excess insurer and under the terms of the governing policy, it had no duty to defend SSM. Therefore, it contends, it cannot be considered fiduciary to SSM. But under Missouri law, the "key question" in determining whether a fiduciary relationship exists is not the labels of the parties in relation to each other. Instead, the court must ask "whether or not trust [was] reposed with respect to the property or business affairs of another." *Grewell*, 162 S.W.3d at 509; *see also Shervin*, 85 S.W.3d at 740-41 (fiduciary relationship arises where one party "places trust in another so that the latter gains superiority and influence over the former"); *Dannix Painting, LLC v. Sherwin-Williams Co.*, 732

F.3d 902, 905 (8th Cir. 2013) (where Supreme Court of Missouri has not ruled on an issue of state law, federal court will "follow decisions from the intermediate state courts when they are the best evidence of Missouri law").

In this case, SSM has alleged that it "kept Repwest apprised of the progress of the case, the progress of settlement negotiations, and settlement of the claim" and that coverage counsel for Repwest consented to the settlement. (Pet. ¶¶ 19-20.) It is plausible that by giving Repwest confidential information about the progress of the settlement negotiations, SSM "reposed trust" in Repwest as to its property and business.

However, a fiduciary duty is not solely "created by a unilateral decision to repose trust and confidence." *Farmers Ins. Co., Inc. v. McCarthy*, 871 S.W.2d 82, 87 (Mo. Ct. App. 1994). Rather, "it derives from the conduct or undertaking of the purported fiduciary" that the law recognizes will justify the one party's reliance on the other. *Id.* Here, SSM has alleged that Repwest's coverage counsel consented to the settlement of the employee's workers compensation claim after SSM had apprised him of the negotiations and that, thereafter, SSM did in fact settle the claim. (Pet. ¶¶ 20-21.) Taking these allegations as true and construing all inferences in favor of SSM, as I must, I find that SSM could have justifiably relied on Repwest's consent to settlement so as to create a fiduciary obligation of good

faith for Repwest. At this early stage of the case, the facts alleged are sufficient – if only just – to state a claim for breach of fiduciary duty.[3]

## III. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although courts enjoy "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." *Stanbury Law Firm v. IRS*, 221 F.3d 1059, 1063 (8th Cir. 2000). Accordingly, motions to strike are "viewed with disfavor and are infrequently granted." *Id.* (quoting *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977)).

Here, Repwest requests that SSM's demands for punitive damages be stricken. Two types of damages are at issue in Repwest's motion. First, although they do not acknowledge their agreement, the parties agree that a Missouri vexatious refusal claim supports an award of statutory penalty damages. *See* Mo. Rev. Stat. § 375.420 (providing for additional damages if an insurer has refused to

---

[3] SSM has also alleged in its petition that Repwest breached its fiduciary duty by its bad faith refusal to indemnify SSM and to negotiate SSM's excess coverage claim. An insurer's failure to pay a claim, even in bad faith, does not create a cause of action for breach of fiduciary duty under Missouri law. *Duncan v. Andrew Cnty. Mut. Ins. Co.*, 665 S.W.2d 13, 18-19 (Mo. Ct. App. 1983) (in first-party claim for refusal to pay, insurer is contractual adversary, not fiduciary, of insured); *see also Hullverson Law Firm, P.C. v. Liberty Ins. Underwriters, Inc.*, 2013 WL 3802517, at *1 (E.D. Mo. July 22, 2013) (discussing *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 69 (Mo. banc 2000)).

pay a loss "without reasonable cause or excuse"). But Repwest points out that SSM requests punitive damages "in addition" to other requests for relief. (Pet. ¶ 44.) It is not clear from this phrasing that SSM is seeking common-law punitive damages. Nonetheless, to the extent it does so, SSM's Count II reference to punitive damages will be stricken. *Overcast*, 11 S.W.3d at 68 (common-law punitive damages are not available for vexatious refusal); *Spinks v. City of St. Louis Water Div.*, 176 F.R.D. 572, 574 (E.D. Mo. 1997) (requests for damages "not available under the applicable law" are proper subjects for a motion to strike).

SSM also requests punitive damages in its prayer for relief after Count IV, alleging breach of fiduciary duty. It argues such a claim can support an award of punitive damages. This is true. Under Missouri law, punitive damages "may be awarded for breach of fiduciary duty upon a clear and convincing showing that the defendant acted with evil motive and reckless indifference to plaintiff's rights." *Grewell*, 162 S.W.3d at 508. As SSM points out, the requisite intent may be inferred from the defendant's conduct. *See Rinehart v. Shelter Gen. Ins. Co.*, 261 S.W.3d 583, 591 (Mo. Ct. App. 2008). Although Repwest's alleged evil intent may be difficult to prove, particularly on the barely adequate facts alleged by SSM, doubtful proof does not justify striking the reference to punitive damages. *Stanbury*, 221 F.3d at 1063.

## IV. Conclusion

Based on the foregoing.

**IT IS HEREBY ORDERED** that defendant's motion to dismiss Count IV and to strike prayer for punitive damages [#8] is denied except to the extent that plaintiff requests common-law punitive damages as to Count II.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2014.